# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TITUS LEE WEST (#485180)**                                        **CIVIL ACTION**

**VERSUS**
                                                                                      **NO. 19-332-JWD-RLB**
**DARIAN THOMPSON, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 20, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TITUS LEE WEST (#485180)**                                    **CIVIL ACTION**

**VERSUS**

                                                              **NO. 19-332-JWD-RLB**

**DARIAN THOMPSON, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the plaintiff's motion for partial summary

judgment (R. Doc. 26).  The Motion is opposed.  *See* R. Doc. 27.

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"),

Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants Asst.

Warden Darian Thompson and former Col. Richard Hunt, complaining that his constitutional

rights were violated when the plaintiff refused to comply with the prison's policy of double

celling inmates housed in administrative segregation for protective custody, resulting in

excessive force being used against the plaintiff.[1]  The plaintiff seeks nominal and punitive

damages, as well as injunctive relief.

 The plaintiff moves for summary judgment relying upon the pleadings, his own

declaration, and an excerpt of an administrative remedy proceeding.  Defendant Thompson

opposes the Motion relying upon the pleadings, and a Statement of Undisputed Facts.  Defendant

---

[1] As to defendant Hunt, a review of the record reveals that former Col. Hunt has not been served because service was not accepted by the Department of Corrections.   *See* R. Doc. 10.  Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding.  Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge.  The plaintiff was informed of the lack of service, and has failed to take action to direct service on defendant Hunt. *See* R. Doc. 10.  It is appropriate, therefore, that the plaintiff's claims asserted against defendant Hunt be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon him.

Thompson asserts that the record developed on the plaintiff's motion actually reveals that he is entitled to summary judgment.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the

Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, the plaintiff alleges the following: The defendants have adopted an unverified policy of double celling offenders housed in administrative segregation for protective custody. The plaintiff voiced his concerns regarding his cell mate's threats to beat him if he returned to the cell they shared. In response, excessive force was used against the plaintiff.

In support of his Motion, the plaintiff has submitted his own declaration wherein he states that defendant Thompson created a policy which instructs correctional officers to double cell inmates housed in administrative segregation for protective custody. The plaintiff further states that a result of this policy, the plaintiff was sprayed with a chemical agent when he refused to return to his cell due to his cell mate's threats to beat him upon return.

In order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). The plaintiff has made no allegations of direct personal involvement on the part of defendant Thompson with regards to the use of force.

Any implied allegation that this defendants is responsible for the actions of his subordinates or co-employees is alone insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of

a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of

a breach by the supervisor of an affirmative duty specially imposed upon him by state law.

*Lozano v. Smith, supra*.

  In the instant matter the plaintiff has failed to identify a wrongful policy which led to him

being subjected to an excessive use of force.  The plaintiff complains of the policy of double

celling inmates on protective custody while housed in administrative segregation.  In *Bell v.*

*Wolfish*, 441 U.S. 520, 542 (1979), the United States Supreme Court indicated that there is no

constitutional principle requiring "one man, one cell," and that the "double celling" of inmates is

not a *per se* unconstitutional condition.  Construing the plaintiff's "double celling" claim in the

context of a civil rights action, it has no merit.  *See Rhodes v. Chapman*, 452 U.S. 337, 349

(1981); *Duncan v. Puckett*, 91 F.3d 137, 1996 WL 400039 (5th Cir. May 27, 1996) (upholding

the dismissal, as frivolous, of an inmate's claim of being placed "in a single cell with another

inmate"); *Thompson v. Stalder*, 2008 WL 874138, *7 (M.D. La. April 1, 2008) (finding that "the

mere fact that an inmate may be double-celled for a period of time does not, as a matter of law,

state a claim of constitutional dimension"); *Higgins v. Jefferson Parish Prison*, 1988 WL 24137,

*3 (E.D. La. March 7, 1988) (claim of being housed in a cell with another inmate dismissed as

frivolous).  As such, the complained of policy is not a wrongful policy, and the plaintiff is not

entitled to summary judgment.

  Rather, based upon the record developed on the plaintiff's motion, defendant Thompson

is entitled to summary judgment.  The policy upon which the plaintiff bases his claims against

defendant Thompson is not wrongful; therefore, the plaintiff cannot establish the requisite

connection between the policy and the alleged use of excessive force required for defendant

Thompson to be found liable under § 1983.

Although defendant Thompson did not file a motion for summary judgment, the Court is not precluded from granting summary judgment in his favor pursuant to Federal Rule of Civil Procedure 56(c). When the plaintiff has moved for summary judgment and the record developed on the plaintiff's motion reveals that the defendant is entitled to summary judgment, the court has discretion to grant summary judgment to the defendant even though no formal motion has been filed. *NL Industries v. GHR Energy Corp .,* 940 F.2d 957 (5th Cir. 1991); *Arkwright Boston Mfgs. Mutual Ins. Co. v. Aries Marine Corp.,* 932 F.2d 442 (5th Cir. 1991); *Marriott Brothers v. Gage,* 911 F.2d 1105, 1107-08 (5th Cir. 1990); *Foley v. Cain*, No. 13-370-BAJ-SCR, 2015 WL 1526455, at *1 (M.D. La. Apr. 3, 2015).

In the instant matter, there is no genuine issue of material fact that precludes summary judgment. Further, this Report and Recommendation, and the 14 day period to submit objections, provides notice to the plaintiff of the Court's intention to grant summary judgment in the defendant's favor. As such, summary judgment should be granted in favor of defendant Thompson.

## RECOMMENDATION

It is recommended he plaintiff's claims asserted against defendant Hunt be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon him. It is further recommended that the plaintiff's Motion for Partial Summary Judgment (R. Doc. 26) be denied. It is further recommended that summary judgment be granted in favor of defendant Thompson, dismissing the plaintiff's claims against defendant Thompson with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on November 20, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**